UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARY SULLIVAN,

    Plaintiff,

v.                              Case No:  2:24-cv-751-JES-KCD

JOSEPH JOUDREY and LARA JOUDREY,

    Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion to Remand (Doc. #9) filed on August 28, 2024.  Plaintiff certified that defendant declined to agree to a remand.  No response has been filed and the time to respond has expired.  Plaintiff seeks a remand because the amount in controversy is not over $75,000.  The diversity in citizenship is not disputed.

On August 16, 2024, defendants removed the case from state court based on the presence of diversity in citizenship and an amount in controversy that exceeds $75.000.  See 28 U.S.C. § 1332.  Defendants concluded that the amount in controversy could be met based on a pre-suit demand letter dated May 14, 2024, reflecting past medical expenses over $250,000 and anticipated future medical expenses and a bill for $132,992.  (Doc. #1.)  The letter also

sought pain and suffering and emotional damages in the amount of $350,000, for a total exceeding $700,000. (Doc. #1-6.) The suit was filed in state court on July 3, 2024, and removed on August 16, 2024.

Diversity jurisdiction is determined at the time of removal. Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1317 (11th Cir. 2017). "[U]nder any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000) (quoting Allen v R&H Oil Co,, 63 F.3d 1326, 1335 (5th Cir. 1995). "[I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed. Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289-90 (1938) (footnotes omitted). "It therefore logically follows that

subject matter jurisdiction is not defeated simply because the parties might anticipate a future reduction in recoverable damages." Stramiello v. Petsmart, Inc., No. 810-CV-659-T-33TGW, 2010 WL 2136550, at *4 (M.D. Fla. May 26, 2010).

Plaintiff seeks a remand because the total medical charges in the demand letter is an amount before any insurance adjustments were made. The Summary of Damages (Doc. #1-6) lists $250,067.42 for the total medical charges, an anticipated $132,992 in future medical charges, and a request of $350,000 for past pain and suffering, for a total of $727,509.42. Defendant relies entirely on this pre-suit demand.

> Generally, written settlement demands can be considered by a federal district court for purposes of determining whether the court has diversity jurisdiction over a particular dispute.
>
> While a settlement demand letter "by itself, may not be determinative" and is "not conclusive proof" of the amount in controversy, "it counts for something." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994). "In determining what that 'something' is, 'courts draw distinctions between settlement offers steeped in puffery and posturing at a high level of abstraction, on the one hand, and those yielding particularized information and a reasonable assessment of value, on the other.'" Montreuil ex rel. Z.M. v. Costco Wholesale Corp., No. 2:18-CV-706, 2020 WL 1243383, at *1 (M.D. Ala. Mar. 13, 2020) (citation omitted). "A settlement demand adds monetary weight to the

>amount in controversy when it provides enough specific information to support the plaintiff's claim for damages to indicate that the offer is a reasonable assessment of the value of the plaintiff's claim." <u>Simpson v. Primerica Life Ins.</u>, *Co.*, No. 2:15-CV-777, 2015 WL 9315658, at *9 (M.D. Ala. Dec. 3, 2015) (citation omitted), <u>report and recommendation adopted</u>, No. 2:15-CV-777, 2015 WL 9413876 (M.D. Ala. Dec. 22, 2015).

<u>Reeves v. Waffle House, Inc.</u>, No. 1:22-CV-00356-RAH, 2022 WL 4391498, at *1 (M.D. Ala. Sept. 22, 2022) (citations omitted). As the Court looks only to the time of removal and plaintiff provided specific information to support a claim for damages in excess of $75,000 at that time, the motion to remand will be denied.

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Motion to Remand (Doc. #9) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___16th___ day of September 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record